Haokett,
Recorder, charged the jury as follows :
Gentlemen of the Jury:—The statute, for an alleged violation of which the accused are at the bar, was intended and enacted for a wise and beneficial purpose; and that it should only recently have been the subject of legislative action, is a matter of reproach.
No statute determines the limit or number of passengers that may be carried in cars propelled by steam or horse power ; and that no such provision of law exists is with many a subject of regret, and it must be *376 within your experience, that not an hour or moment of the day passes, but that human beings are packed in cars, and, as alleged, simply for the gain and cupidity of railroad directors and stockholders. If true, they are as much obnoxious to the charge of cruelty to human beings, as the accused now stand charged with inhumanity to dumb animals.
As matter of law, I charge you that no exemption from liability accrues to the accused from the fact developed in this case, that they were then in the employ of a railroad company. The law (1 Laws of 1867, ch. 375, § 1, p. 834) plainly recites that “ If any person shall overdrive, overload, torture, torment, deprive of necessary sustenance, or unnecessarily or cruelly beat, or needlessly mutilate or kill, or cause or procure to be overdriven, overloaded, tortured, tormented or deprived of necessary sustenance, or to be unnecessarily or cruelly beaten or needlessly mutilated or killed, as aforesaid, any living creature, every such offender shall, for every such offense, be guilty of a misdemeanor.” The conductor who has charge of the car,, and the driver who drives the horses, whilst in the performance of the several duties allotted to them, are equally responsible for a violation of the law referred to. The law does not make president, directors, or other officers of the company responsible for the acts of their employees, but only those who have charge of the car; which charge is especially given to the conductor on the one hand, and the driver on the other, each having separate and distinct duties. If they, or either, are guilty of a violation of this law, their offense is not extenuated by the fact that they are each acting under orders from superiors. Were I to direct either of you to commit assault and battery on another, and should this direction be followed, you would be responsible. ,N~o company can compel their conductor or other employee to do an act which is against the law. *377 [t follows that there is nothing in the argument of the counsel for the accused, that no crime exists, except there be an intention to transgress. If one commits a murder, it would be absurd to interpose the defense that he did not so intend. If a man overloads a car, beyond the ability of the horses attached to it to draw, he is within the act in question, and guilty of cruelty, and, therefore, responsible. The intention is assumed directly from the act itself.
In the case at bar, although it appears that Mr. Tinsdale was simply the conductor of the car, I charge you that if you find him guilty at all upon the evidence, he (Tinsdale) is just as much responsible and just as much guilty as the driver; in fact, perhaps, more so, for the reason that a driver is usually held in subjection to the orders of the conductor.
I will briefly call your attention to portions of the testimony in this case, which I regard as most material. The police officer (who appears to be perfectly disinterested, and who has been complimented for his fairness by the counsel for the accused), testifies that the car was unusually crowded, that one of the horses slipped twice, and that some of the passengers were compelled to aid the horses in putting the car in motion. If the testimony did not expressly establish the fact, the right belongs to you to infer the fact that without the aid of the passengers and also of the conductor, the car could not have been set in motion. You are to regard all the testimony in determining the question, whether or not the car was overloaded upon the occasion referred to. Mr. Bergh testifies that the car was crowded and was ascending the steepest grade in the city ; that the horses attached were light in weight and strength ; that they slipped, and one of them fell twice, whilst straining to propel the overloaded car, and were evidently unsuited for such labor. Mr. Bergh further states, that, in his opinion, the car could not have been *378 placed in motion without the aid of the passengers and conductor. Mr. Hill, a witness for the defense (a driver by occupation, and on the occasion a passenger upon the car), testifies that the stoppage was occasioned by the passage of a truck in front, and when the horses started, one slipped; but" corroborates the statement that the passengers had to aid the horses in their en deavor to start the car. Mr. Morris, a witness for the accused, testified that the record of the passengers disclosed tMrty-two upon the down trip. His statement is at variance with the testimony of the officer and that of Mr. Bergh. Mr. Hill also testifies that there were no more than thirty-two passengers, and further, that conductors and drivers were not limited as to the number of passengers to be carried. It is to be regretted that such a salutary law does not exist; but the fact that none such existed should not prejudice the accused in your estimation. They should not be held responsive for the wrongs committed by their superiors.
I leave this matter with you. If you believe from the testimony in this case, that, upon the occasion of the arrest of the accused, the one was acting as conductor of the car, and the other as driver; and that such car was overloaded, or laden with passengers in connection with the grade to such an extent as to be beyond the ordinary and proper capacity of the horses attached to it to draw it, then you will find the accused guilty.
A statement has been made by the counsel for the accused, who has so ably defended them, which may have improperly operated upon your minds, to the effect that the penalty upon conviction is a very serious one. With that you have nothing to do. It is within the power of the court, in administering the law, to impose fines, from one cent up to an amount of two hundred and fifty dollars, or imprisonment from one day to one year. In the event of conviction, I shall be *379 guided by my sense of duty; but neither the extent nor character of the punishment prescribed by law, should affect your minds in considering upon your verdict.
The jury rendered a verdict of “Guilty,” against both defendants, and the court thereupon imposed a fine of two hundred and fifty dollars upon each of them.